(122 App. Div. 595.)

### LOUGHRAN v. JORDAN L. MOTT IRON WORKS.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—EVIDENCE OF NEGLIGENCE—SUFFICIENCY.

In an action for injuries to a minor employé in defendant's factory, evidence examined, and *held* insufficient to show negligence on the part of defendant in failing to provide a suitable place for work and proper appliances, or to sufficiently guard dangerous machinery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954–977.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where, in an action for injuries to a minor employé caused by his getting his hand between two cogwheels, alleged to have occurred as a result of plaintiff's slipping on the platform surrounding the machine on which he was working, the evidence showed that plaintiff knew that the platform was slippery, and that the cogwheels were uncovered, and also showed that the platform was four feet wide and the cogwheels were at least four feet from the front of the machine, and that plaintiff had to turn himself half way around in order to get his injured hand between the cogs, it showed him to be guilty of contributory negligence, in the absence of any explanation as to why he placed himself in the position in which he was when injured.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 706–709.]

Laughlin, J., dissenting.

Appeal from Trial Term.

Action by Thomas Loughran, an infant, by his guardian, against the Jordan L. Mott Iron Works. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Eugene L. Richards, for appellant.
Thomas J. O'Neill, for respondent.

McLAUGHLIN, J.   The plaintiff, a lad nearly 15 years of age, was employed at a machine in defendant's factory.   The machine was surrounded on the sides and back by a platform about nine inches from the floor, and, as the operator faced the machine, the platform on his left was about a foot wide and on his right about four or five feet wide.   Around the platform was a railing made of pipe; the upper piece being about four feet from the floor and the lower one about a foot and a half.   This railing was set in the floor, and, except for an opening some two feet at one of the rear corners, surrounded the platform on the three sides, and was not more than an inch or two from its edge.   The platform and railing did not extend past the front of the machine on either side, at least, to any extent, and between the front of the machine and the wall was a space of two feet or more.   The plaintiff, while engaged at work, sat on a bench which rested on the floor in front of the machine, and directly behind him was a window.   At the rear of the machine, four feet from the front, were two cogwheels, in vertical position; the upper one being three or four feet in diameter, and the lower one somewhat smaller.   The plaintiff's work was to punch holes in pieces of tubing, inserting them in the machine one by one, and operating the press by means of a pedal.   On the day of the accident his right hand was caught between the cogwheels and injured in such a way that several of the fingers had to be amputated.   He claims that his injuries were caused by defendant's negligence, in that it permitted grease or other substances to accumulate upon the platform where he was put to work, and because the defendant had neglected to encase or cover the cogwheels. He had a verdict of $7,000, and, from the judgment entered thereon and an order denying a motion for a new trial, defendant appeals.

The plaintiff testified, in substance, that he had been at work operating the machine something like two weeks; that the tubes to be punched—which were about a foot and a half long—were brought to him in a box which was placed at his left hand; that, after punching the holes in the tubes, he was directed to replace them in the same box, and no other one was provided for him; that, after a tube had been punched, he would throw it on the platform at his right until a sufficient number had accumulated, when he would wipe the oil from them, as he had been directed to do, and replace them in the box; that the platform was very greasy and slippery from oil from the machine and tubes; that he complained of this to the foreman prior to the accident, but was told not to mind it, but go ahead with his work; that, while he was picking up the pieces of tubing which he had thrown upon the platform, his foot slipped, he threw out his hand to save himself, and in that way the accident occurred.   He was the only witness produced on his behalf; and the material parts of his testimony are not corroborated.   On the part of the defendant several witnesses were produced, who contradicted the plaintiff in many respects.   The witness Walsh, who was not employed by defendant at the time of the trial, but was at the time of the accident, testified that he was the one who employed the plaintiff and put him at work; that he had worked at the machine about three months when the accident happened; that he never made any complaint to him of the condition of the platform or of its being

slippery or greasy; that the plaintiff's work did not require him to go upon the platform or to have anything to do with the machine, except to operate the pedal; that his work consisted of putting the tubing in a proper place and then starting the machine, and, when the holes were punched, removing it from the bed of the machine and putting it in a box on his right hand side, and, when the same was filled, taking it to the proper department; that boxes were furnished for that purpose, and he was using one on the morning of the day the accident occurred; that there was no grease or oil on the tubing or platform. He further testified, which is uncontradicted, that occasionally some of the tubing would fall on the floor, and, to prevent its getting near the machine or inside the railing, the platform was put up.

The witness Munn testified that on the day of the accident he was foreman of the polishing department, and was at work within 20 feet of the plaintiff when he was hurt; that his attention was called to the accident by seeing two or three men running that way, and he went immediately to the plaintiff's assistance; that his right hand was then in between the cogs; that the plaintiff had been at work upon the machine upwards of a month; that, when the plaintiff had filled the box with tubing, it was his duty to take it into the witness's department; that there was not any oil or grease on the tubing, and that he never noticed any on the floor; that, if there were grease on the tubing, there had been no occasion for plaintiff to wipe it off, because it would be in better condition for polishing with the grease on. The witness Alfers testified that he was also employed in the factory on the day of the accident; that the plaintiff obtained the tubing which he punched from his department; that it was in a box which he had on his left when he was operating the machine, and that the witness told him to get a box to put it in after he punched it so as to save time; that he had seen the plaintiff throw pieces of tubing on the platform, and had cautioned him not to do it; that he had seen the plaintiff go through the railing and across the platform and had stopped him and told him not to go there; that he would "do that once too often." The plaintiff was recalled and admitted that there were other boxes in the factory, but testified that he was told to put the tubes in the same box in which they came. He did not deny that he was told by the witness Alfers not to throw them on the platform, or that he was told by him to keep off the platform. Nor did he contradict the testimony of the witness Walsh, or offer any testimony to the effect that the platform was not built for the very purpose of preventing the tubing getting inside the railing and near the machine.

At the close of the trial, therefore, the facts were uncontradicted that the defendant had substantially inclosed the machine with an iron railing, and, in addition to this, had built a platform to prevent the tubing when thrown on the floor from getting inside the railing and near the machine; that the plaintiff had been told not to throw the tubing on the platform, and also told not to go there himself; and that there were boxes in which he could put the tubing after he had punched it. Under such a state of facts, I do not think it can be said the defendant was negligent, and a finding to that effect is against the weight

of evidence. Not only this, but the evidence does not satisfactorily show that the plaintiff himself was free from negligence. He knew, according to his own testimony, that the platform was slippery, and that the cogwheels were not covered. His right hand is the one that was injured. The platform upon which he went was at least four feet wide, and the cogwheels were located at least four feet from the front. He therefore had to travel this distance, and then turn half way around in order to get his right hand between the cogs. No explanation is given why he had to place himself in this position and directly in front of the machinery which injured him. In either view, therefore, it seems to me that justice requires there should be a new trial.

The judgment and order appealed from is reversed, and a new trial ordered, with costs to appellant to abide event.

PATTERSON, P. J., and HOUGHTON, J., concur.

LAMBERT, J. I concur in the reversal of the judgment entered, and the order denying a new trial in this case, upon the ground that the clear weight of the proof on the question of the negligence of the defendant is adverse to the contentions of the plaintiff. The fact that the plaintiff was at the time of the accident less than 15 years of age, with little experience in the operation of machinery, and the dangers incident thereto, was, in the absence of adequate instructions, sufficient to carry the question of his contributory negligence to the jury.

LAUGHLIN, J. (dissenting). The foreman of the defendant admitted upon the stand that he knew that the machine at which he directed this boy only 14 years and 9 months of age, to work, was dangerous. The exposed cogwheels which inflicted the injuries were within a few feet of the table at which the boy was working, and there was no intervening guard or railing or other obstruction to prevent access thereto. The defendant failed to guard the cogwheels as required by section 81 of the labor law (Laws 1897, p. 480, c. 415), and that alone was evidence of its negligence sufficient to take the case to the jury and to sustain the verdict on that branch of the case. As I view the evidence, it can neither be said as matter of law that the boy was guilty of contributory negligence, nor that the verdict in his favor is against the weight of the evidence on that question. According to his testimony, he was doing the work as he had been instructed to do it, and had done it for two and one-half weeks, and as his predecessors had always done it while he had been employed there, for a period of about eight months. The general foreman who assigned the plaintiff to this work of punching holes in the pipe denies that the proper performance of the work required that the boy should go upon the platform where he met with the injuries, or that he ever saw him upon the platform while the machinery was in motion; but he does not deny that he observed or knew that the plaintiff was throwing the punched tubing upon the platform, and he does not state the instructions that were given to him. According to the testimony of

the plaintiff, he had never put the punched tubing into a box on the right. The general foreman says that it should have been put in a box on the right, and, while the testimony of the plaintiff is controverted by evidence tending to show that he was observed at times using a box on the right and that he was using such a box on the morning of the accident, there is no evidence that he was using such a box during the afternoon, and no one testifies that a box had been provided for his use that afternoon or was found there after the accident. The general foreman says he does not know where the boy would put the pipes if no box were provided for that purpose. A department foreman, called by the defendant, testified that he instructed the plaintiff how to operate the machine, and testified, further, on direct examination:

"He took those pieces of tube from my department in a box. They were in a box. He had the box on the left of where he was operating, and I told him to get the box after he punched them, and put them in the box to save the time of picking them up again, and put them back into the box."

If those were the instructions, they were, to say the least, ambiguous on the point as to whether there was to be more than one boy. The plaintiff testified that his instructions were to wipe the oil off the tubing after punching them, and to put them back in the same box from which he had taken them. This required that they be thrown on the floor or elsewhere until all in the box had been punched. This same department foreman testified that he had seen the plaintiff throw pieces of tubing onto the platform, instead of putting them into the box, and that some would go onto the floor and some upon the platform. He says that he did not speak to the plaintiff about this the day of the accident, but "I reminded him previous to that date. I can't say how many times I had to speak to him about keeping those things off that platform"; and that he also warned plaintiff against making a short cut across this platform, instead of going around the rail to reach another part of the department. The plaintiff denied that he was so warned, and testified that the floor below the platform was all occupied, so that there was no place to throw the punched tubes, excepting onto the platform, which merely required that they be dropped, or shoved off the end of the table. Another department foreman who had occasion to pass the place where the plaintiff was working frequently could not testify that he had ever seen him using a box on the right in which to put the punched tubing. Unless the plaintiff committed perjury, he was at the time of receiving the injuries engaged in the performance of his duties as he had been instructed to perform them, and as the general foreman who assigned him to the work had frequently observed him performing them. There is no room for an honest mistake with respect to his testimony, and, in the circumstances, I think it cannot be said that it is so overborne by the testimony of foreman, who would at least be censurable for failing to give the boy further instructions with reference to the performance of his duties, that the verdict is against the weight of the evidence. I therefore vote for affirmance.